■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD ISAACS, Appellant. [691 NYS2d 125] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vaughan, J.), rendered June 19, 1996, convicting him of robbery in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Three men robbed a restaurant and were then chased to the street by the restaurant owner. An off-duty police officer joined the chase. Two of the men fled immediately. A third man, the defendant, engaged the officer in a gunfight, during which the defendant fell before fleeing. A driver's license bearing the defendant's address and the name Oscar Michael Isaacs was found at the scene of the gunfight. The officer subsequently identified the defendant in a police lineup. At trial, four eyewitnesses from the restaurant and street described an individual resembling the defendant as the perpetrator, but only the officer affirmatively identified the defendant at trial.

The defendant's contention that the evidence was legally insufficient because the officer's testimony was inconsistent and unreliable is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The fact that only one of five witnesses, i.e., the police officer, was able to provide a positive identification of the defendant does not warrant setting the verdict aside as legally insufficient (*see, People v Burrell,* 127 AD2d 675). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's remaining contention is without merit (*see, People v Gonzalez,* 68 NY2d 424). Bracken, J. P., Thompson, Sullivan and Friedmann, JJ., concur.